**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   **x**

AMERANTH, INC.                                          **:**
               Plaintiff,

                     **:**

      v.                                              **:**          Case No. 2:10-cv-294

                     **:**          **JURY**

(1) PAR TECHNOLOGY CORP.,                **:**
(2) PARTECH, INC.
(3) KUDZU INTERACTIVE, INC.,             **:**
(4) LONE TREE TECHNOLOGY, INC.
(5) MUNCHAWAY LLC                         **:**
(6) MENUSOFT SYSTEMS CORP., and
(7) CASH REGISTER SALES & SERVICE
OF HOUSTON, INC. (dba CRS TEXAS),

                     **:**

              Defendants.
- --- --- --- --- --- --- --- --- --- --- --- --- --- ---   **x**


**COMPLAINT FOR PATENT INFRINGEMENT**

        Plaintiff Ameranth, Inc. ("Ameranth"), for its Complaint against Par Technology

Corporation ("Par"), ParTech, Inc. ("ParTech"), Kudzu Interactive, Inc. ("Kudzu"), Lone Tree

Technology, Inc. ("Lone Tree"), MunchAway LLC ("MunchAway"), Menusoft Systems

Corporation ("Menusoft") and Cash Register Sales & Service of Houston, Inc. (dba CRS Texas)

("CRS"), avers as follows:

**PARTIES**

      1.      Plaintiff Ameranth is a Delaware corporation having a principal place of business

at 5820 Oberlin Drive, Suite 202, San Diego, California 92121.  Ameranth manufactures and

sells, *inter alia*, hospitality, restaurant and food service information technology solutions under the trademark 21st Century Restaurant ("21CR") and others comprising the synchronization of hospitality information and hospitality software applications between fixed, wireless and/or internet applications.

2.    Defendant Par is, on information and belief, a Delaware corporation having a principal place of business at 8383 Seneca Turnpike, New Hartford, New York 13413.  On information and belief, Defendant Par makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems comprising wireless and internet Point of Sale ("POS") and/or hospitality aspects.

3.    Defendant ParTech is, on information and belief, a Delaware corporation having a principal place of business at 8383 Seneca Turnpike, New Hartford, New York 13413 and is a wholly-owned subsidiary of defendant Par.  On information and belief, Defendant ParTech makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

4.    Defendant Kudzu is, on information and belief, a Georgia corporation having a principal place of business at 3025 Windward Plaza , Suite 150, Alpharetta, Georgia 30005.  On information and belief, Defendant Kudzu makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

5.      Defendant Lone Tree is, on information and belief, a Colorado corporation having a principal place of business at 6021 S. Syracuse Way, Suite 103, Greenwood Village, CO 80111. On information and belief, Defendant Lone Tree makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

6.      Defendant MunchAway is, on information and belief, a Colorado corporation having a principal place of business at 6021 S. Syracuse Way, Suite 103, Greenwood Village, CO 80111 and is a wholly-owned subsidiary of defendant Lone Tree. On information and belief, Defendant MunchAway makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

7.      Defendant Menusoft is, on information and belief, a Virginia corporation having a principal place of business at 7370 Steel Mill Drive, Springfield, Virginia 22150. On information and belief, Defendant Menusoft makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or systems within this Judicial District including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

8.      Defendant CRS is, on information and belief, a Texas corporation having a principal place of business at 8303 Westglen, Houston, Texas  77063, and other offices throughout Texas. On information and belief, Defendant CRS makes, uses, sells and/or offers for sale restaurant and foodservice information technology products, software, components and/or

3

systems within this Judicial District including products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects.

## JURISDICTION AND VENUE

9.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281-285.

10.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      On information and belief, defendant Par has engaged in (a)  the offer for sale and sale of restaurant and food service technology services, products and/or components in the United States, including this judicial district, including services, products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects (b) the installation and maintenance of said services, products, software, components and/or systems in restaurant and food service information technology systems in the United States, including this Judicial District and (c) the use of restaurant and food service information technology systems comprising said services, products, software, components and/or systems in the U.S., including this Judicial District.

12.      This Court has personal jurisdiction over defendant Par as Par has committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products, software, components and/or systems in this Judicial District.

13.      On information and belief, defendant Par has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

14.     On information and belief, defendant ParTech has engaged in (a) the offer for sale and sale of restaurant and food service technology services, products and/or components in the United States, including this judicial district, including services, products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects (b) the installation and maintenance of said services, products, software, components and/or systems in restaurant and food service information technology systems in the United States, including this Judicial District and (c) the use of restaurant and food service information technology systems comprising said services, products, software, components and/or systems in the U.S., including this Judicial District.

15.     This Court has personal jurisdiction over defendant ParTech as ParTech has committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products, software, components and/or systems in this Judicial District.

16.     On information and belief, defendant ParTech has knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

17.     On information and belief, defendant Kudzu has engaged in (a) the offer for sale and sale of restaurant and food service technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects (b) the installation and maintenance of said services, products, software, components and/or systems in restaurant and food service information technology systems in the United States, including this Judicial District and (c) the use of restaurant and food service information technology systems comprising

said services, products, software, components and/or systems in the U.S., including this Judicial District.

18.    This Court has personal jurisdiction over defendant Kudzu as Kudzu has committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products, software, components and/or systems in this Judicial District.

19.    On information and belief, defendant Kudzu has knowingly and actively infringed, contributed to infringement and/or has induced others to commit such acts of infringement in this Judicial District.

20.    On information and belief, defendant Lone Tree has engaged in (a)  the offer for sale and sale of restaurant and food service technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects (b) the installation and maintenance of said services, products, software, components and/or systems in restaurant and food service information technology systems in the United States, including this Judicial District and (c) the use of restaurant and food service information technology systems comprising said services, products, software, components and/or systems in the U.S., including this Judicial District.

21.    This Court has personal jurisdiction over defendant Lone Tree as Lone Tree has committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products, software, components and/or systems in this Judicial District.

22.    On information and belief, defendant Lone Tree has knowingly and actively infringed, contributed to infringement and/or has induced others to commit such acts of infringement in this Judicial District.

23.    On information and belief, defendant MunchAway has engaged in (a)  the offer for sale and sale of restaurant and food service technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems comprising wireless and internet POS and/or hospitality aspects (b) the installation and maintenance of said services, products, software, components and/or systems in restaurant and food service information technology systems in the United States, including this Judicial District and (c) the use of restaurant and food service information technology systems comprising said services, products, software, components and/or systems in the U.S., including this Judicial District.

24.    This Court has personal jurisdiction over defendant MunchAway as MunchAway has committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products, software, components and/or systems in this Judicial District.

25.    On information and belief, defendant MunchAway has knowingly and actively infringed, contributed to infringement and/or has induced others to commit such acts of infringement in this Judicial District.

26.    On information and belief, defendants Menusoft and CRS, acting either alone or in concert, have engaged in (a)  the offer for sale and sale of restaurant and food service technology services, products and/or components in the United States, including this Judicial District, including services, products, software, components and/or systems comprising wireless and

internet POS and/or hospitality aspects, (b) the installation and maintenance of said services, products, software, components and/or systems in restaurant and food service information technology systems in the United States, including this Judicial District and/or (c) the use of restaurant and food service information technology systems comprising said services, products, software, components and/or systems in the United States, including this Judicial District.

27.    This Court has personal jurisdiction over defendants Menusoft and CRS, as they have committed acts of patent infringement in this Judicial District including, *inter alia*, making, using, offering for sale, and/or selling infringing services, products software, components and/or systems in this Judicial District.

28.    On information and belief, defendants Menusoft and CRS have knowingly and actively infringed, contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

29.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) as regards all defendants both separately and together.

## BACKGROUND AND RELATED LITIGATION

30.    Ameranth was established in 1996 to develop and provide innovative information technology solutions for the hospitality industry.  Ameranth has been recognized as a technology leader in the provision of wireless and internet-based systems and services to, *inter alia*, restaurants, hotels, casinos, cruise ships and sports venues.  Ameranth's inventions enable, in relevant part, generation and synchronization of menus, including but not limited to restaurant menus, across fixed, wireless and/or internet platforms as well as synchronization of hospitality information and hospitality software applications across fixed, wireless and internet platforms.

31.       Ameranth began development of the inventions leading to the patents-in-suit at least as early as late Summer 1998 at a time when the then-available wireless and internet hospitality offerings were extremely limited in functionality, were not synchronized and did not provide an integrated system-wide solution to the pervasive ordering, reservations and information management needs of the hospitality industry.  Ameranth conceived and developed its breakthrough inventions to provide systemic solutions directed to meeting these industry needs.  Ameranth has expended considerable effort and resources in inventing, developing and marketing its inventions and protecting its rights therein.

32.       Ameranth's pioneering inventions have been widely adopted and are thus now essential to the modern wireless hospitality enterprise of the 21st Century.  Ameranth's solutions have been adopted by many in the hospitality industry, including Par, ParTech, Kudzu, Lone Tree, MunchAway and Menusoft,.

33.       The adoption of Ameranth's technology by industry leaders and the wide acclaim received by Ameranth for its technological innovations are just some of the many confirmations of the breakthrough aspects of Ameranth's inventions.  Ameranth has received twelve different technology awards (three with 'end customer' partners) and has been widely recognized as the hospitality wireless technology leader by almost all major national and hospitality print publications, e.g., The Wall Street Journal, New York Times, USA Today and many others.  Ameranth was personally nominated by Bill Gates, the Founder and Chairman of Microsoft, for the prestigious Computerworld award that Ameranth received in 2001.  In his nomination, Mr. Gates described Ameranth as "one of the leading pioneers of information technology for the betterment of mankind."  The award was based on Ameranth's innovative synchronization technology.  Subsequently, the United States Patent and Trademark Office granted Ameranth its

three currently-issued patents which are the basis for this lawsuit. Ameranth has issued press releases announcing these patent grants on business wires, on its web sites and at numerous trade shows attended by Par, ParTech, Kudzu, Lone Tree, MunchAway and Menusoft since the first of the three presently-asserted patents issued in 2002.

34.    Ameranth filed a lawsuit against Menusoft and CRS Texas in this Court styled C.A. No. 2:07-cv-271-TJW-CE on June 28, 2007 asserting certain claims of the patents which are asserted in the present lawsuit. The prior lawsuit is scheduled for trial in September 2010. The present lawsuit asserts infringement of additional and previously unasserted patent claims against newly-infringing implementations and collaborations involving products of Menusoft and CRS Texas which are not asserted in C.A. No. 2:07-cv-271-TJW-CE including, *inter alia*, claim 12 of United States Patent No. 6,384,850 and claim 11 of United States Patent No. 6,871,325. These new implementations and collaborations were introduced and/or became known to Ameranth through publicly available information after the deadline for infringement contentions had passed in C.A. No. 2:07-cv-271-TJW-CE. Moreover, despite Ameranth's diligence in pursuing discovery on the presently accused products and implementations, Menusoft and CRS Texas did not provide full and timely discovery on the accused products and all their implementations in C.A. No. 2:07-cv-271-TJW-CE, which denied Ameranth the opportunity to include the presently asserted additional claims in the prior case pursuant to, *inter alia*, infringement contention and claim construction deadlines in the prior case or to seek leave of Court to include the accused products, implementations and collaborations in C.A. No. 2:07-cv-271-TJW-CE. The infringement claims against the presently-accused implementations and collaborations involving Defendants' products were thus not known to and/or not available to Ameranth at a time when Ameranth could have included such additional infringing implementations in C.A. No. 2:07-cv-

271-TJW-CE.  The bases for Ameranth's complaint against all presently-named defendants were obtained from publicly available information entirely independent of discovery in C.A. No. 2:07-cv-271-TJW-CE.

## COUNT I

### Patent Infringement (U.S. Pat. No. 6,384,850)
### (35 U.S.C. § 271)

35.    Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-34 above as if fully set forth herein.

36.    On May 7, 2002, United States Patent No. 6,384,850 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '850 patent") (attached hereto as Exhibit A) was duly and legally issued by the United States Patent & Trademark Office.

37.    Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '850 patent.

38.    On information and belief, defendant Par has infringed the '850 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems including but not limited to systems including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

39.    On information and belief, defendant Par has actively induced others to infringe the '850 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the

Par, Partech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

40.    On information and belief, defendant Par has contributorily infringed the '850 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '850 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

41.    On information and belief, defendant ParTech has actively induced others to infringe the '850 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, Partech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

42.    On information and belief, defendant ParTech has contributorily infringed the '850 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '850 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS

and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

43.    On information and belief, defendant Kudzu has infringed the '850 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Snapfinger trademark in the U.S. without authority or license from Ameranth.

44.    On information and belief, defendant Kudzu has actively induced others to infringe the '850 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Snapfinger trademark in the U.S. without authority or license from Ameranth.

45.    On information and belief, defendant Kudzu has contributorily infringed the '850 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '850 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Snapfinger trademark in the U.S. without authority or license from Ameranth.

46.    On information and belief, defendant Lone Tree has infringed the '850 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and

internet POS and/or hospitality aspects under the Lone Tree and MunchAway trademarks in the U.S. without authority or license from Ameranth.

47.    On information and belief, defendant Lone Tree has actively induced others to infringe the '850 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and POS and/or hospitality internet aspects under the Lone Tree and MunchAway trademarks in the U.S. without authority or license from Ameranth.

48.    On information and belief, defendant Lone Tree has contributorily infringed the '850 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '850 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Lone Tree and MunchAway trademarks in the U.S. without authority or license from Ameranth.

49.    On information and belief, defendant MunchAway has infringed the '850 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the MunchAway trademark in the U.S. without authority or license from Ameranth.

50.    On information and belief, defendant MunchAway has actively induced others to infringe the '850 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and

14

abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the MunchAway trademark in the U.S. without authority or license from Ameranth.

51.    On information and belief, defendant MunchAway has contributorily infringed the '850 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '850 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the MunchAway trademark in the U.S. without authority or license from Ameranth.

52.    On information and belief, defendant Menusoft has infringed the '850 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

53.    On information and belief, defendant Menusoft has actively induced others to infringe the '850 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting distributors and/or restaurant and food service users, including but not limited to CRS and customers of CRS and/or Menusoft, to make and/or use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or

hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

54.      On information and belief, defendant Menusoft has contributorily infringed the '850 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '850 patent, to distributors and/or restaurant and foodservice users, including but not limited to CRS and customers of CRS and/or Menusoft for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

55.      On information and belief, defendant CRS has infringed the '850 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

56.      On information and belief, defendant CRS has actively induced others to infringe the '850 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and foodservice users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

57.      On information and belief, defendant CRS has contributorily infringed the '850 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems

on which claims of the '850 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '850 patent, to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

58.     On information and belief, the infringement of all defendants has been in willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

59.     The aforesaid infringing activity has caused damage to plaintiff, including loss of profits from sales they would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to plaintiff for which there is no adequate remedy at law.

## COUNT II

### Patent Infringement (U.S. Pat. No. 6,871,325)
### (35 U.S.C. § 271)

60.     Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-59 above as if fully set forth herein.

61.     On March 22, 2005, United States Patent No. 6,871,325 entitled "Information Management and Synchronous Communications System with Menu Generation" ("the '325 patent") (attached hereto as Exhibit B) was duly and legally issued by the United States Patent & Trademark Office.

62.     Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '325 patent.

63.     On information and belief, defendant Par has infringed the '325 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

64.     On information and belief, defendant Par has actively induced others to infringe the '325 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

65.     On information and belief, defendant Par has contributorily infringed the '325 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

66.     On information and belief, defendant ParTech has infringed the '325 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and

internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

67.    On information and belief, defendant ParTech has actively induced others to infringe the '325 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

68.    On information and belief, defendant ParTech has contributorily infringed the '325 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

69.    On information and belief, defendant Kudzu has infringed the '325 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Snapfinger trademark in the U.S. without authority or license from Ameranth.

70.    On information and belief, defendant Kudzu has actively induced others to infringe the '325 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting

restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Snapfinger trademark in the U.S. without authority or license from Ameranth.

71.    On information and belief, defendant Kudzu has contributorily infringed the '325 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Snapfinger trademark in the U.S. without authority or license from Ameranth.

72.    On information and belief, defendant Lone Tree has infringed the '325 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Lone Tree and MunchAway trademarks in the U.S. without authority or license from Ameranth.

73.    On information and belief, defendant Lone Tree has actively induced others to infringe the '325 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Lone Tree and MunchAway trademarks in the U.S. without authority or license from Ameranth.

74.    On information and belief, defendant Lone Tree has contributorily infringed the '325 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Lone Tree and MunchAway trademarks in the U.S. without authority or license from Ameranth.

75.    On information and belief, defendant MunchAway has infringed the '325 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the MunchAway trademark in the U.S. without authority or license from Ameranth.

76.    On information and belief, defendant MunchAway has actively induced others to infringe the '325 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the MunchAway trademark in the U.S. without authority or license from Ameranth.

77.    On information and belief, defendant MunchAway has contributorily infringed the '325 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of

the '325 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the MunchAway trademark in the U.S. without authority or license from Ameranth.

78.     On information and belief, defendant Menusoft has infringed the '325 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless POS and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

79.     On information and belief, defendant Menusoft has actively induced others to infringe the '325 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting distributors and/or restaurant and food service users, including but not limited to CRS and customers of CRS and/or Menusoft, to make and/or use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

80.     On information and belief, defendant Menusoft has contributorily infringed the '325 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent, to distributors and/or restaurant and foodservice users, including but not limited to CRS and customers of CRS and/or Menusoft for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or

hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

81.     On information and belief, defendant CRS has infringed the '325 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

82.     On information and belief, defendant CRS has actively induced others to infringe the '325 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and foodservice users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

83.     On information and belief, defendant CRS has contributorily infringed the '325 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '325 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '325 patent, to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Digital Dining trademark in the U.S. without authority or license from Ameranth.

84.     On information and belief, the infringement of all defendants has been in willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

85.    The aforesaid infringing activity has caused damage to plaintiff, including loss of profits from sales they would have made but for the infringements.  Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to plaintiff for which there is no adequate remedy at law.

## COUNT III

### Patent Infringement (U.S. Pat. No. 6,982,733)
### (35 U.S.C. § 271)

86.    Plaintiff reiterates and incorporates the allegations set forth in paragraphs 1-85 above as if fully set forth herein.

87.    On January 3, 2006, United States Patent No. 6,982,733 entitled "Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders" ("the '733 patent") (attached hereto as Exhibit C) was duly and legally issued by the United States Patent & Trademark Office.

88.    Plaintiff Ameranth is the lawful owner by assignment of all right, title and interest in and to the '733 patent.

89.    On information and belief, defendant Par has infringed the '733 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

90.    On information and belief, defendant Par has actively induced others to infringe the '733 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the

Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

91.     On information and belief, defendant Par has contributorily infringed the '733 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '733 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '733 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

92.     On information and belief, defendant ParTech has infringed the '733 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

93.     On information and belief, defendant ParTech has actively induced others to infringe the '733 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

94.     On information and belief, defendant ParTech has contributorily infringed the '733 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems

on which claims of the '733 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '733 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Par, ParTech, Siva and PixelPoint trademarks in the U.S. without authority or license from Ameranth.

95.      On information and belief, defendant Kudzu has infringed the '733 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services  including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Snapfinger trademark in the U.S. without authority or license from Ameranth.

96.      On information and belief, defendant Kudzu has actively induced others to infringe the '733 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Snapfinger trademark in the U.S. without authority or license from Ameranth.

97.      On information and belief, defendant Kudzu has contributorily infringed the '733 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '733 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '733 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS

and/or hospitality aspects under the Snapfinger trademark in the U.S. without authority or license from Ameranth.

98.    On information and belief, defendant Lone Tree has infringed the '733 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing systems and services including but not limited to systems and services  including wireless and internet aspects under the Lone Tree and MunchAway trademarks in the U.S. without authority or license from Ameranth.

99.    On information and belief, defendant Lone Tree has actively induced others to infringe the '733 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Lone Tree and MunchAway trademarks in the U.S. without authority or license from Ameranth.

100.    On information and belief, defendant Lone Tree has contributorily infringed the '733 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '733 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '733 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the Lone Tree and MunchAway trademarks in the U.S. without authority or license from Ameranth.

101.    On information and belief, defendant MunchAway has infringed the '733 patent in violation of 35 U.S.C. §271(a) by making, using, offering for sale and/or selling infringing

systems and services including but not limited to systems and services  including wireless and internet POS and/or hospitality aspects under the MunchAway trademark in the U.S. without authority or license from Ameranth.

102.    On information and belief, defendant MunchAway has actively induced others to infringe the '733 patent in violation of 35 U.S.C. §271(b) by knowingly encouraging, aiding and abetting restaurant and food service users to use infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the MunchAway trademark in the U.S. without authority or license from Ameranth.

103.    On information and belief, defendant MunchAway has contributorily infringed the '733 patent in violation of 35 U.S.C. §271(c) by offering to sell and/or selling components of systems on which claims of the '733 patent read, constituting a material part of the invention, knowing that the components were especially adapted for use in systems which infringe claims of the '733 patent to distributors and/or to restaurant and foodservice users for use in infringing systems and services including but not limited to systems and services including wireless and internet POS and/or hospitality aspects under the MunchAway trademark in the U.S. without authority or license from Ameranth.

104.    On information and belief, the infringement of all defendants has been in willful disregard of Ameranth's patent rights, making this an exceptional case within the meaning of 35 U.S.C. §285.

105.    The aforesaid infringing activity has caused damage to plaintiff, including loss of profits from sales they would have made but for the infringements.  Unless enjoined, the aforesaid

infringing activity will continue and cause irreparable injury to plaintiff for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment and an order against defendants:

A.    Adjudging that the manufacture, use, offer for sale and /or sale of Par's and ParTech's products, services, software and/or hardware including those under the Par, ParTech, Siva and PixelPoint trademarks infringes the '850, '325 and '733 patents;

B.    Adjudging that the manufacture, use, offer for sale and /or sale of Kudzu's products, services and/or software including those under the Snapfinger trademarks infringes the '850, '325 and '733 patents;

C.    Adjudging that the manufacture, use, offer for sale and /or sale of Lone Tree's and MunchAway's products, services and/or software including those under the Lone Tree and MunchAway trademarks infringes the '850, '325 and '733 patents;

D.    Adjudging that the manufacture, use, offer for sale and/or sale of Menusoft's Digital Dining products, services and/or software by Menusoft and/or CRS infringes the '850 and '325 patents;

E.    Adjudging that each of the defendants has infringed, actively induced others to infringe and/or contributorily infringed the '850 and '325 patents;

F.    Adjudging that defendants Par, ParTech, Kudzu, Lone Tree and MunchAway have infringed, actively induced others to infringe and/or contributorily infringed the '733 patent;

G.     Adjudging that each defendant's infringement of the '850 and '325 patents has been willful;

H.     Adjudging that defendants Par, ParTech, Kudzu, Lone Tree and MunchAway's infringement of the '733 patent has been willful;

I.     Enjoining Par, ParTech, Kudzu, Lone Tree and MunchAway, their officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with them, and their successors and assigns, from infringing, contributorily infringing and/or inducing others to infringe the '850, '325 and '733 patents;

J.     Enjoining Menusoft and CRS, their officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates and all other persons acting in concert, participation or privity with them, and their successors and assigns, from infringing, contributorily infringing and/or inducing others to infringe the '850 and '325 patents;

K.     Awarding Ameranth the damages it has sustained by reason of defendants' infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

L.     Awarding Ameranth increased damages of three times the amount found or assessed by reason of the willful and deliberate nature of defendants' acts of infringement pursuant to 35 U.S.C. § 284;

M.     Adjudging this to be an exceptional case and awarding Ameranth its attorney fees pursuant to 35 U.S.C. §285; and

N.     Awarding to Ameranth such other and further relief that this Court may deem just and proper.

30

Respectfully submitted,

This 13th day of August, 2010.

By:  _____/s/  Michael C. Smith_____
Michael C. Smith
Texas Bar No. 18650410
Email: michaelsmith@siebman.com
Siebman, Burg, Phillips & Smith, L.L.P.
113 East Austin Street
P.O. Box 1556
Marshall, TX 75671-1556
(903) 938-8900 – Telephone
(903) 472-4301 – Facsímile

John W. Osborne
josborne@lockelord.com
Peter N. Fill
pfill@lockelord.com
James W. Gould
jgould@lockelord.com
Steven M. Purdy
spurdy@lockelord.com
Peter H. Noh
pnoh@lockelord.com
Locke Lord Bissell & Liddell LLP
3 World Financial Center
New York, NY 10281-2101
(212) 415-8600 – Telephone
(212) 303-2754 – Telecopier

Attorneys for Plaintiff Ameranth, Inc.