# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| AMERANTH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:10-CV-294-DF-CE |
| ) | Jury Trial Demanded |
| (1) PAR TECHNOLOGY CORP., ) | |
| (2) PARTECH, INC., ) | |
| (3) KUDZU INTERACTIVE, INC., ) | |
| (4) LONE TREE TECHNOLOGY, INC., ) | |
| (5) MUNCHAWAY LLC, ) | |
| (6) MENUSOFT SYSTEMS CORP., and ) | |
| (7) CASH REGISTER SALES & SERVICE ) | |
| OF HOUSTON, INC. (dba CRS TEXAS), ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANTS
## PAR TECHNOLOGY CORP. AND PARTECH, INC.

Defendants and Counterclaim Plaintiffs Par Technology Corp. ("Par Technology") and ParTech, Inc. ("ParTech"), collectively "Defendants" or "Counterclaim Plaintiffs," by and through their attorneys, Bond, Schoeneck & King, PLLC, answer Plaintiff Ameranth, Inc.'s ("Ameranth") Complaint in accordance with the numbered paragraphs thereof as follows:

**I.   ANSWER**

### PARTIES

1.   Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and therefore DENY the same.

2.   Defendants ADMIT the allegations in Paragraph 2.

3.   Defendants ADMIT the allegations in Paragraph 3.

4. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4, and therefore DENY the same.

5. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5, and therefore DENY the same.

6. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, and therefore DENY the same.

7. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore DENY the same.

8. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore DENY the same.

## JURISDICTION AND VENUE

9. Defendants ADMIT that the Complaint alleges infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271, 281-285.

10. Defendants ADMIT that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Defendants DENY the allegations in Paragraph 11, except ADMIT that Par Technology has engaged in (a) the offer for sale and sale of restaurant and food service technology services, products, and/or components in the United States; (b) the installation and maintenance of said services, products, software, components and/or systems in restaurant and food service information technology systems in the United States; and (c) the use of restaurant and food service information technology systems comprising said services, products, software, components and/or systems in the United States.

12. Defendants DENY the allegations in Paragraph 12, except ADMIT, for purposes of this action only, that Par Technology is subject to personal jurisdiction in this Judicial District.

13. Defendants DENY the allegations in Paragraph 13.

14. Defendants DENY the allegations in Paragraph 14, except ADMIT that ParTech has engaged in (a) the offer for sale and sale of restaurant and food service technology services, products, and/or components in the United States; (b) the installation and maintenance of said services, products, software, components and/or systems in restaurant and food service information technology systems in the United States; and (c) the use of restaurant and food service information technology systems comprising said services, products, software, components and/or systems in the United States.

15. Defendants DENY the allegations in Paragraph 15, except ADMIT that, for purposes of this action only, ParTech is subject to personal jurisdiction in this Judicial District.

16. Defendants DENY the allegations in Paragraph 16.

17. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore DENY the same.

18. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore DENY the same.

19. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore DENY the same.

20. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and therefore DENY the same.

21. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and therefore DENY the same.

22. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and therefore DENY the same.

23. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore DENY the same.

24. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore DENY the same.

25. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, and therefore DENY the same.

26. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and therefore DENY the same.

27. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore DENY the same.

28. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and therefore DENY the same.

29. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and therefore DENY the same, except ADMIT that venue is proper with respect to Par Technology and ParTech, although they reserve all rights to move to transfer this action to a more convenient forum.

## BACKGROUND AND RELATED LITIGATION

30. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and therefore DENY the same.

31.     Defendants DENY that Ameranth's inventions are "breakthrough inventions." Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31, and therefore DENY the same.

32.     Defendants DENY that Ameranth's inventions are "pioneering inventions," and that Ameranth's purported solutions have been adopted by Par Technology or ParTech. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32, and therefore DENY the same.

33.     Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore DENY the same, except ADMIT that the United States Patent and Trademark Office granted U.S. Patent No. 6,384,850, U.S. Patent No. 6,871,325, and U.S. Patent No. 6,982,733 (the "Patents-in-Suit") and that "Ameranth Wireless" is listed as the assignee on the face of each of the issued patents.

34.     Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore DENY the same, except ADMIT that Ameranth filed a lawsuit on June 28, 2007 against Menusoft and CRS Texas in this Court asserting various claims of the same patents which are asserted in the present lawsuit.

## COUNT I

### Alleged Patent Infringement (U.S. Pat. No. 6,384,850)
### (35 U.S.C. §271)

35.     With regard to Paragraph 35, Defendants repeat and reallege the responses to Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.     Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and therefore DENY the same,

except ADMIT that a document purporting to be a true and correct copy of U.S. Patent No. 6,384,850 ("the '850 patent") was attached as Exhibit A to the Complaint.

37. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore DENY the same.

38. Defendants DENY the allegations in Paragraph 38.

39. Defendants DENY the allegations in Paragraph 39.

40. Defendants DENY the allegations in Paragraph 40.

41. Defendants DENY the allegations in Paragraph 41.

42. Defendants DENY the allegations in Paragraph 42.

43. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and therefore DENY the same.

44. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and therefore DENY the same.

45. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, and therefore DENY the same.

46. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, and therefore DENY the same.

47. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47, and therefore DENY the same.

48. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48, and therefore DENY the same.

49. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and therefore DENY the same.

50. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore DENY the same.

51. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and therefore DENY the same.

52. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and therefore DENY the same.

53. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and therefore DENY the same.

54. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and therefore DENY the same.

55. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, and therefore DENY the same.

56. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56, and therefore DENY the same.

57. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57, and therefore DENY the same.

58. Defendants DENY that Par Technology and ParTech have infringed any of Ameranth's patent rights, willfully or otherwise, and further DENY that this is an exceptional case within the meaning of 35 U.S.C. § 285. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58, and therefore DENY the same.

59. Defendants DENY the allegations in Paragraph 59 as they relate to Par Technology and ParTech. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to

form a belief as to the truth or falsity of the remaining allegations in Paragraph 59, and therefore DENY the same.

## COUNT II

### Alleged Patent Infringement (U.S. Pat. No. 6,871,325)
### (35 U.S.C. §271)

60. With regard to Paragraph 60, Defendants repeat and reallege the responses to Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, and therefore DENY the same, except ADMIT that a document purporting to be a true and correct copy of U.S. Patent No. 6,871,325 ("the '325 patent") was attached as Exhibit B to the Complaint.

62. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62, and therefore DENY the same.

63. Defendants DENY the allegations in Paragraph 63.

64. Defendants DENY the allegations in Paragraph 64.

65. Defendants DENY the allegations in Paragraph 65.

66. Defendants DENY the allegations in Paragraph 66.

67. Defendants DENY the allegations in Paragraph 67.

68. Defendants DENY the allegations in Paragraph 68.

69. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and therefore DENY the same.

70. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and therefore DENY the same.

71. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71, and therefore DENY the same.

72. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72, and therefore DENY the same.

73. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73, and therefore DENY the same.

74. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74, and therefore DENY the same.

75. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75, and therefore DENY the same.

76. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76, and therefore DENY the same.

77. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and therefore DENY the same.

78. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78, and therefore DENY the same.

79. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79, and therefore DENY the same.

80. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80, and therefore DENY the same.

81. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81, and therefore DENY the same.

82. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82, and therefore DENY the same.

83. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83, and therefore DENY the same.

84. Defendants DENY that Par Technology and ParTech have infringed any of Ameranth's patent rights, willfully or otherwise, and further DENY that this is an exceptional case within the meaning of 35 U.S.C. § 285.  Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 84, and therefore DENY the same.

85. Defendants DENY the allegations in Paragraph 85 as they relate to Par Technology and ParTech.  Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 85, and therefore DENY the same.

### COUNT III

### Alleged Patent Infringement (U.S. Pat. No. 6,982,733)
### (35 U.S.C. §271)

86. With regard to Paragraph 86, Defendants repeat and reallege the responses to Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, and therefore DENY the same, except ADMIT that a document purporting to be a true and correct copy of U.S. Patent No. 6,982,733 ("the '733 patent") was attached as Exhibit C to the Complaint.

88. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88, and therefore DENY the same.

89. Defendants DENY the allegations in Paragraph 89.

90. Defendants DENY the allegations in Paragraph 90.

91. Defendants DENY the allegations in Paragraph 91.

92. Defendants DENY the allegations in Paragraph 92.

93. Defendants DENY the allegations in Paragraph 93.

94. Defendants DENY the allegations in Paragraph 94.

95. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95, and therefore DENY the same.

96. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96, and therefore DENY the same.

97. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97, and therefore DENY the same.

98. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98, and therefore DENY the same.

99. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99, and therefore DENY the same.

100. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100, and therefore DENY the same.

101. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101, and therefore DENY the same.

102. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102, and therefore DENY the same.

103. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103, and therefore DENY the same.

104. Defendants DENY that Par Technology and ParTech have infringed any of Ameranth's patent rights, willfully or otherwise, and further DENY that this is an exceptional case within the meaning of 35 U.S.C. § 285. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 104, and therefore DENY the same.

105. Defendants DENY the allegations in Paragraph 105 as they relate to Par Technology and ParTech. Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 105, and therefore DENY the same.

## Answer to Plaintiff's Prayer For Relief

Defendants DENY that Plaintiff is entitled to any relief requested in its Complaint.

**II.     AFFIRMATIVE DEFENSES**

Defendants state the following defenses, affirmative or otherwise, without assuming any burden that they would not otherwise have, and they reserve the right to amend and/or allege further defenses as the case progresses:

## FIRST AFFIRMATIVE DEFENSE

106. The Complaint fails to state, in whole or in part, a claim against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

107. Defendants do not and have not infringed directly, contributorily, by inducement, or under the doctrine of equivalents any claim of the '850, '325, or '733 patents.

### THIRD AFFIRMATIVE DEFENSE

108.    The claims of the '850, '325, and '733 patents are invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 120 and/or 132.

### FOURTH AFFIRMATIVE DEFENSE

109.    Plaintiff is barred under 35 U.S.C. § 286 from enforcing the claims of the '850 patent for any time preceding six years before filing this lawsuit and/or under 35 U.S.C. § 287 from enforcing the claims of the '850, '325, and '733 patents prior to the filing of this lawsuit for failure to mark the patented product(s) with the '850, '325, and '733 patent numbers.

### FIFTH AFFIRMATIVE DEFENSE

110.    Any cost recovery by the Plaintiff is precluded under the provisions of 35 U.S.C. § 288.

### SIXTH AFFIRMATIVE DEFENSE

111.    The prosecution history of the '850, '325, and '733 patents, including any patent application(s) upon which they claim priority and/or any other related patent application(s), disclaims, bars, and/or estops the claim of patent infringement in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

112.    The claims of the '850, '325, or '733 patents are unenforceable for laches, unclean hands, estoppel, and/or other equitable doctrines.

### EIGHTH AFFIRMATIVE DEFENSE

113.    Some or all of the Plaintiff's claims are barred in whole or in part by the doctrines of claim and issue preclusion based upon this Court's final judgment in the action styled C.A. No. 2:07-cv-271-TJW-CE.

### NINTH AFFIRMATIVE DEFENSE

114. Plaintiff's claims for injunctive relief are barred as it has, at a minimum, no irreparable injury and an adequate remedy at law.

### III. COUNTERCLAIMS

Defendants (also referred to as "Counterclaim Plaintiffs"), by and through its attorneys, makes Counterclaims against Plaintiff Ameranth (also referred to as "Counterclaim Defendant") as follows:

### PARTIES

115. Par Technology is a corporation duly organized and operating under the laws of the state of Delaware with its headquarters and principal place of business located at 8383 Seneca Turnpike, New Hartford, New York 13413.

116. ParTech is a corporation duly organized and operating under the laws of the state of Delaware with its headquarters and principal place of business located at 8383 Seneca Turnpike, New Hartford, New York 13413.

117. Based on the allegations of the Complaint, Ameranth is a corporation organized and operating under the laws of the state of Delaware with a principal place of business located at 5820 Oberlin Drive, Suite 202, San Diego, California 92121.

### JURISDICTION AND VENUE

118. This Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331, 1338, 2201, 2202, and Rule 13 of the Federal Rules of Civil Procedure.

119. An actual and justiciable controversy exists between Counterclaim Defendant and Counterclaim Plaintiffs because Counterclaim Defendant filed the Complaint.

120. This Court has personal jurisdiction over Counterclaim Defendant because it has submitted itself to the jurisdiction of this Court by bringing the present suit.

121. This Court is the proper venue because Counterclaim Defendant voluntarily elected to sue in this district.

## COUNTERCLAIM I

### Declaratory Judgment of Invalidity

122. Defendants hereby repeat, reallege, and incorporate by reference all paragraphs of this pleading set forth above as if fully set forth herein.

123. This Counterclaim is for a Declaratory Judgment and arises under the Patent Laws of the United States – 35 U.S.C. §§ 100 et seq.

124. In the Complaint, Counterclaim Defendant alleges that it is the assignee and owner of the '850 Patent (Complaint, Paragraph No. 37), the '325 Patent (Complaint, Paragraph No. 62, and the '733 Patent (Complaint, Paragraph No. 88).

125. On information and belief, the '850, '325, and '733 patents are invalid and unenforceable for failure to comply with the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 120 and/or 132.

## COUNTERCLAIM II

### Declaratory Judgment of Non-Infringement

126. Defendants hereby repeat, reallege, and incorporate by reference all paragraphs of this pleading set forth above as if fully set forth herein.

127. This Counterclaim is for a Declaratory Judgment and arises under the Patent Laws of the United States – 35 U.S.C. §§ 100 et seq.

128.    In the Complaint, Counterclaim Defendant alleges that it is the assignee and owner of the '850 Patent (Complaint, Paragraph No. 37), the '325 Patent (Complaint, Paragraph No. 62, and the '733 Patent (Complaint, Paragraph No. 88).

129.    Defendants have not committed and are not committing any acts that constitute infringement of the '850, '325, and '733 patents.

## PRAYER FOR RELIEF

130.    WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief prayed for in its Complaint and respectfully prays that this Court enter orders that:

a.    Plaintiff's Complaint be dismissed with prejudice;

b.    Declare that the claims of the '850, '325, and '733 patents are invalid;

c.    Declare that the Defendants have not committed any legally cognizable form of patent infringement of the '850, '325, and '733 patents with respect to any products and/or services that the Defendants make, use, import into the United States, offer for sale, or sell, or by any act of the Defendants;

d.    Enjoin Plaintiff, its agents, servants, employees, and all those in active participation or privity with any of them, from charging the Defendants or their agents, distributors, or customers with infringement of the '850, '325, and '733 patents, from representing to others that the Defendants are liable for patent infringement of the '850, '325, and '733 patents and from otherwise interfering in any way with the manufacture, use, import into the United States, offering for sale, or sale of products by the Defendants and with any of the business activities of the Defendants;

    e.  Declare that this is an exceptional case pursuant to 35 U.S.C. § 285. The Defendants therefore specifically request that the Court award the Defendants their reasonable attorneys' fees, expenses, and costs in this action; and

    f.  Grant Defendants such other further relief as this Court deems just and proper.

## IV. DEMAND FOR JURY TRIAL

  Pursuant to Federal Rules of Civil Procedure 38, the Defendants respectfully demand a jury trial on all issues so triable.

DATED:  January 18, 2012        Respectfully submitted

                    By: */s/ George R. McGuire, with permission by Allen F. Gardner*
                    Michael E. Jones
                    SBN 10929400
                    Allen F. Gardner
                    SBN: 24043679
                    POTTER MINTON, PC
                    110 N College
                    Suite 500
                    Tyler, TX 75702
                    903-597-8311
                    903-593-0846 (fax)
                    allengardner@potterminton.com
                    mikejones@potterminton.com

                    George R. McGuire
                    David L. Nocilly
                    Frederick J.M. Price
                    Blaine T. Bettinger
                    Bond, Schoeneck & King, PLLC
                    One Lincoln Center
                    Syracuse, New York 13202
                    315-218-8000
                    315-218-8100 (fax)
                    gmcguire@bsk.com
                    dnocilly@bsk.com

fjprice@bsk.com
bbettinger@bsk.com

Attorneys for Defendants,
Par Technology Corp. and ParTech, Inc.

## **CERTIFICATE OF SERVICE**

I certify that on January 18, 2012, all counsel of record who have consented to electronic service were served electronically via the Court's ECF system. in compliance with the Federal Rules of Civil Procedure.  Any other counsel of record were served via First Class U.S. Mail on this same date.

*/s/ Allen F. Gardner*